IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:11-MJ-1063

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| JASMINE LAMOUNS AVENT, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial.[1] The government presented the testimony of a special agent with the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented the testimony of proposed third-party custodian, the mother of his girlfriend. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged by a criminal complaint on 15 April 2011 with possession of a firearm (*i.e.*, a Glock 9 millimeter pistol) and ammunition by a convicted felon on or about 26 January 2011, in violation of 18 U.S.C. §§ 922(g)(1) and 924. The evidence presented at the hearing showed that the charges arise from the purchase of the subject firearm, which was loaded, from

---

[1] With consent of counsel, the detention hearing was combined with the preliminary hearing in this case. Prior to reaching the issue of detention, the court ruled that the government had established probable cause for the charges against defendant.

defendant by a confidential source on the alleged offense date. The purchase was one of 8 by the confidential source from defendant between 29 December 2010 and 13 April 2011, all of which had been audio and video recorded. A total of 10 guns was purchased in these transactions. Eight of them were pistols, one was a shotgun, and the remaining one a shotgun. Four of the guns, including the pistol involved in this case, had been stolen. At the time of the alleged offense, defendant had been convicted of a felony. An interstate nexus check showed that the pistol and ammunition had traveled in interstate commerce.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offense charged, including the multiplicity of the gun sales in which defendant has been involved, the relative recency of the sales, the stolen status of the pistol in the instant case and 3 other firearms sold, and defendant's commission of the alleged offense within 5 months after release from a more than 5-month term of imprisonment for revocation of his probation on his felony conviction; defendant's relatively substantial criminal record for a person of his age (20), including 1 felony conviction, 9 misdemeanor convictions, two formal revocations of probation, commission of 7 offenses while on probation, and continuation of criminal activity notwithstanding 4 incarcerations (indicating the lack of deterrent effect from the threat of incarceration for violation of release conditions); the unsuitability of the proposed third-party custodial arrangement proposed by defendant due to the high degree of danger proposed by defendant, the defendant's absence from the proposed custodial home for full-time work, and the proposed custodian's unfamiliarity with and apparent indifference to the criminal record of defendant notwithstanding his dating and having a

2

child with her daughter and the proposed custodian's having allowed defendant to previously reside in her home; and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that such evidence does not actually attenuate the risk of danger defendant presents and, even if it does, it is outweighed by the factors favoring detention. For example, while defendant stated that he was in a fragile mental state because of the recent murder of his brother and the death of his newborn baby, it was not shown how this consideration mitigates the risk of danger he presents. Indeed, he engaged in at least one firearm sale after his newborn died. His professed desire to support his mother also does not mitigate the risk of danger he presents. The notion that he would provide economic support to her is, in any event, unconvincing because he lacks any meaningful work history. At the same time, the record did not warrant defendant's detention on the basis of flight risk given his life-long residency in the community and other relevant considerations.

During cross-examination, the government questioned the proposed third-party custodian regarding a photograph of two males, one of whom the third-party custodian stated appeared to be defendant and who had what appeared to be a pistol tucked inside his waistband. The court has given this photograph no weight because there was no evidence regarding whether it was taken before or after his felony conviction or the other circumstances relating to it, including whether the pistol apparently shown was, in fact, a real firearm. The government therefore failed to establish that the photograph depicted criminal conduct (specifically, possession of a firearm by a felon) or any other wrongdoing.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the

extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 27th day of April 2011.

James E. Gates
United States Magistrate Judge